# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

DEBRA LYNN MEHAFFEY,

    Plaintiff,

v.                                                           Civ. No. 16-78 MV/GJF

NANCY A. BERRYHILL, *Acting Commissioner of the Social Security Administration*,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiff's "Motion to Reverse and Remand for a Rehearing with Supporting Memorandum" ("Motion"), filed on September 6, 2016. ECF No. 18. The Commissioner responded on December 2, 2016. ECF No. 23. Plaintiff replied on December 21, 2016. ECF No. 24. Having meticulously reviewed the entire record and the parties' briefs, the Court **RECOMMENDS**[1] that Plaintiff's Motion be **DENIED**.

## I.    BACKGROUND

Plaintiff was born on November 15, 1958, and graduated high school in 1976. Administrative R. ("AR") 229, 234. Upon graduation, Plaintiff enlisted in the U.S. Army, where she completed basic and advanced individual training in 1977. Pl.'s Mot. 3. Plaintiff was honorably discharged in 1979. AR 59.

From 1979 to 2006, Plaintiff maintained semi-continuous employment. AR 219-26. For example, between 1998 and 2000, she worked two years at Bigelow Components Corporation in

---

[1] On March 10, 2016, U.S. District Judge Martha Vazquez referred the above-captioned cause to the undersigned for proposed findings and recommended disposition. *See* Order of Reference Relating to Social Security Appeals, ECF No. 9.

New Jersey as a supervisory quality control inspector. AR 41-43.[2] Plaintiff then moved to California, where she resumed employment as a quality control inspector with Mosey's Production Machinists, Inc., from 2000 to 2002. Pl.'s Mot. 4. From there, Plaintiff worked approximately six months in customer service at a dry cleaning business and several months at a casino as a maintenance worker before returning to factory work in 2002 and 2003. *Id.* Plaintiff was last employed as a home health provider from 2005 to 2006. *Id.*

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income on August 6, 2012. *Id.* at 3. Plaintiff claimed disability beginning on February 1, 2006, based on emphysema, esophageal spasms, osteoporosis, and high blood pressure. AR 228. The Social Security Administration ("SSA") denied Plaintiff's application initially on March 19, 2013, and upon reconsideration on September 13, 2013. AR 75, 76. At her request, Plaintiff received a *de novo* hearing before Administrative Law Judge ("ALJ") Eric Weiss on May 13, 2015, at which Plaintiff, her attorney, and a vocational expert ("VE") appeared. AR 37-74. On June 5, 2015, the ALJ issued his decision, finding that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). AR 18-29. Plaintiff appealed to the SSA Appeals Council, but it declined review on December 4, 2015. AR 1-4. As a consequence, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 422.210(a) (2016).

Plaintiff timely filed her appeal with the U.S. District Court on February 3, 2016. ECF No. 1.

## II. PLAINTIFF'S CLAIMS

Plaintiff advances two grounds for relief. First, she argues that the ALJ erred by finding that her past work as a customer service representative constituted substantial gainful activity.

---

[2] Records also demonstrate that Plaintiff worked at Bigelow Components Corporation from 1992-95, but they do not specify her job title during that period. Administrative R. ("AR") 221.

Pl.'s Mot. 10-12. In addition, Plaintiff contends that the ALJ failed to resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT") concerning the environmental limitations that would attend her return to employment as an inspector. *Id.* at 12-14.

## III. APPLICABLE LAW

### A. Standard of Review

When the Appeals Council denies a claimant's request for review, the ALJ's decision becomes the final decision of the agency.[3] The Court's review of that final agency decision is both factual and legal. *See Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)) ("The standard of review in a social security appeal is whether the correct legal standards were applied and whether the decision is supported by substantial evidence.").

The factual findings at the administrative level are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g) (2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. Substantial evidence does not, however, require a preponderance of the evidence. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*,

---

[3] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g) (2012), which generally is the ALJ's decision, not the Appeals Council's denial of review. 20 C.F.R. § 404.981 (2016); *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

372 F.3d 1195, 1200 (10th Cir. 2004)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.

As for the review of the ALJ's legal decisions, the Court reviews "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases." *Lax*, 489 F.3d at 1084. The Court may reverse and remand if the ALJ failed "to apply the correct legal standards, or to show . . . that she has done so." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).

Ultimately, if substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214, *Doyal*, 331 F.3d at 760.

### B. Sequential Evaluation Process

The SSA has devised a five-step sequential evaluation process to determine disability. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2016). At the first three steps, the ALJ considers the claimant's current work activity, the medical severity of the claimant's impairments, and the requirements of the Listing of Impairments. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), & Pt. 404, Subpt. P, App'x 1. If a claimant's impairments are not equal to one of those in the Listing of Impairments, then the ALJ proceeds to the first of three phases of step four and determines the claimant's residual functional capacity ("RFC"). *See Winfrey*, 92 F.3d at 1023; 20 C.F.R. §§ 404.1520(e), 416.920(e). In phase two, the ALJ determines the physical and mental demands of the claimant's past relevant work, and in the third phase, compares the claimant's RFC with the functional requirements of her past relevant work to determine if the claimant is still capable of

performing her past work. *See Winfrey*, 92 F.3d at 1023; 20 C.F.R. §§ 404.1520(f), 416.920(f). If a claimant is not prevented from performing her past work, then she is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). The claimant bears the burden of proof on the question of disability for the first four steps, and then the burden of proof shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Talbot v. Heckler*, 814 F.2d 1456, 1460 (10th Cir. 1987). If the claimant cannot return to her past work, then the Commissioner bears the burden, at the fifth step, of showing that the claimant is capable of performing other jobs existing in significant numbers in the national economy. *See Thomas*, 540 U.S. at 24-25; *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step sequential evaluation process in detail).

## IV.     THE ALJ'S DECISION

The ALJ issued his decision on June 5, 2015. AR 29. At step one, he found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of February 1, 2006. AR 20. Because Plaintiff had not engaged in substantial gainful activity for at least twelve months, the ALJ proceeded to step two. AR 20-23. There, he found that Plaintiff suffered from the following severe impairments: (1) chronic obstructive pulmonary disease ("COPD"); (2) moderate degenerative disc disease at L4-L5 with moderate lumbar facet arthropathy; and (3) mild degenerative osteoarthrosis of the hips. AR 20. Along with these findings, the ALJ found the following impairments to be non-severe (and provided substantiation for doing so): (1) hypertension; (2) gastroesophageal reflux disease with dysphagia including a solid bolus food impaction due to diffuse esophageal spasm; (3) gastropathy; (4) chronic liver disease; (5) osteopenia; and (6) varicose veins. AR 20.

5

At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled the severity of a Listing. AR 23-24.[4] Thus, he turned to step four, where he began by crafting Plaintiff's RFC. "[A]fter careful consideration of the entire record," the ALJ found that Plaintiff possessed the residual functional capacity to perform light work with the following restrictions:

> [Plaintiff] is able to lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently; is able to stand or walk up to six hours in an eight-hour workday with normal breaks; and is able to sit for up to six hours in an eight-hour workday with normal breaks. [Plaintiff] can never climb ladders, ropes, and scaffolds. [Plaintiff] can occasionally climb ramps and stairs and crawl. [Plaintiff] can frequently balance, stoop, kneel, and crouch. [Plaintiff] must avoid more than occasional[ ] exposure to extreme cold, heat, and wetness as well as unprotected heights. [Plaintiff] must avoid all exposure to irritants such as fumes, odors, dust, and gases.

AR 24.

In the second phase of step four, the ALJ identified three instances of past relevant work[5] in Plaintiff's employment history, including inspector (DOT #619.381-010), customer service clerk (DOT #279.357-054), and inspector supervisor (DOT # 609.131-010). AR 27-28. At Plaintiff's administrative hearing, the VE defined the first of these – the position of inspector - as a "light, skilled job with a specific vocational profile of 6, meaning it takes anywhere from one year to two years to learn." AR 28. The ALJ reasoned that Plaintiff worked as an inspector "from 2000 to 2001," and as a consequence, had "worked at [this] substantial gainful activity . . . for a sufficient amount of time to learn the skills to return to this job." AR 28. Therefore, he found that Plaintiff's "past work as an inspector qualifies as past relevant work." AR 28. The

---

[4] The ALJ did provide extensive reasoning for his findings, including discrete examinations of both Plaintiff's mental and physical impairments. AR 20-27. Nevertheless, because Plaintiff's challenges sound entirely in step four, a more thorough summary of the ALJ's findings is unnecessary.

[5] "Past relevant work" is a term of art defined by regulation as "work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1) (2016).

6

VE also described the position of customer service clerk during Plaintiff's hearing, stating it was a "light, semiskilled job with a specific vocational profile of 3, meaning it takes anywhere from thirty days to three months to learn." AR 28. In his decision, the ALJ found that Plaintiff had "worked as a customer service clerk in 2002 for about six months . . . [and] [h]er earnings records indicated that she worked at or above substantial gainful activity." AR 28. These facts, coupled with the ALJ's finding that Plaintiff "worked as a customer service clerk for a sufficient amount of time to learn the skills to return to this job" led the ALJ to find that Plaintiff's "past work as a customer service clerk qualifies as past relevant work." AR 28. Lastly, the ALJ turned to Plaintiff's previous employment as an inspection supervisor. Of this position, he stated:

> The record additionally reflects [Plaintiff] worked as inspection supervisor from 1992 to 1995 and 1998 to 2000. Her earnings records indicated that she worked at or above substantial gainful activity during this time. The vocational expert testified and defined the job of inspector supervisor, as a light, skilled job with a specific vocational profile of 8, meaning it takes anywhere from four to ten years to learn. However, the vocational expert testified that [Plaintiff] performed the job of inspector supervisor at the heavy exertional level. I find that [Plaintiff] worked at substantial gainful activity and worked as an inspector supervisor for a sufficient amount of time to learn the skills to return to this job. Therefore, I find that [Plaintiff's] past work as an inspector supervisor qualifies as past relevant work.

AR 28.

At the third and final phase of step four, the ALJ compared Plaintiff's RFC with the functional requirements of her past relevant work to determine if she was still capable of performing that work. *See* AR 28-29. First, he recalled that "[a]t the hearing, the [VE] testified that a hypothetical person with the same vocational profile and limitations as [Plaintiff] could return to past relevant work as an inspector and customer service clerk as actually and generally performed in the economy." AR 29. Based on that testimony, the ALJ found that Plaintiff was

7

able to engage in both these occupations "as actually and generally performed." AR 28. The ALJ also relied on the VE's testimony "that a hypothetical person with the same vocational profile and limitations as [Plaintiff] could return to past relevant work as an inspector supervisor as generally performed in the national economy." AR 29. That testimony led the ALJ to find that "[i]n comparing [Plaintiff's] residual functional capacity with the physical and mental demands of an inspector supervisor I find [Plaintiff] is able to perform this work as generally performed." AR 29.

Because the ALJ found that Plaintiff was not prevented from performing her past work, regulations compelled the ALJ to find that Plaintiff was not disabled. *See* AR 29; 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also* 20 C.F.R. § 1560(b)(3) ("If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled."). This he did, finding that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period. AR 29. Accordingly, he denied the claim. AR 29.

V. ANALYSIS

The parties' briefing has left the Court in a peculiar reviewing posture. Although Plaintiff raises two allegations of error in her Motion, *see* Pl.'s Mot. 10-14, both are effectively conceded and wholly unrebutted by the Commissioner in her response. *See*. Def.'s Resp. 3-4. Indeed, the Commissioner has assumed the position that "this Court must affirm the ALJ's decision even if it sustains Plaintiff's two challenges." *Id.* at 4.

A. The Evolution of the Parties' Arguments

The Commissioner premises her concessions on the VE's testimony that "Plaintiff could perform three of her past relevant jobs; inspector, customer service representative, and inspection

8

supervisor." *Id.* She reasons that the ALJ found "that Plaintiff was not disabled because she could perform all three of these jobs as they are generally performed in the national economy." *Id.* (citing 20 C.F.R. §§ 404.1560(b)(2) (2016)). Furthermore, she notes that "Plaintiff has not challenged the ALJ's RFC finding, his hypothetical question to the vocational expert, or the vocational expert's testimony that she could perform her inspection supervisor job." *Id.* Therefore, she argues, "even if Plaintiff is correct that the ALJ could not rely on her past jobs as an inspector or customer service representative, the ALJ could rely *solely on the inspection supervisor job* to find that Plaintiff could perform her past relevant work." *Id.* (emphasis added).

In her Reply, Plaintiff advances – *for the first time* – the position that Plaintiff never actually worked as an inspection supervisor. Pl.'s Reply 2-3, ECF No. 24. Rather, she argues that despite having supervised six workers during her time at Bigelow from 1990 to 2000, she "also fulfilled the normal job duties of an inspector." *Id.* at 2. Plaintiff contends that the manner in which she supervised her crew, which included "inspect[ing] material throughout the process," "lifting up to 100 pounds, eight to ten times a day," and not being involved in "scheduling, [paying], hiring, firing, or reviewing employees" supports this argument. *Id.* Fundamentally, Plaintiff believes that the VE "failed to recognize that her role did not meet the role of a true supervisor," thereby rendering the ALJ's finding that she could return to a position of inspection supervisor unsupported by substantial evidence and in need of remand. *Id.* at 3.

**B. Live Questions for Review**

Following the transition in the parties' arguments, two questions remain for this Court's review. First, the Court must examine whether Plaintiff may argue – for the first time in her reply brief – that her time as an inspection supervisor does not qualify as past relevant work. Next, if she may do so, the Court must determine if her argument undercuts the ALJ's finding

9

that she could return to work as an inspection supervisor as that position is *generally* performed in the national economy. A discussion of these issues follows below.

### C. Arguments First Raised in a Reply Brief Are Waived

The Tenth Circuit follows the general rule that an argument raised for the first time in a reply brief is deemed abandoned or waived. *See, e.g., United States v. Redcorn*, 528 F.3d 727, 738 n.4 (10th Cir. 2008) (citing *Hanh Ho Tran v. Trustees of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004) ("Issues not raised in opening brief are deemed abandoned or waived.") (citations omitted)). In social security cases, "the district court acts as a first-tier appellate court." *Hamilton*, 961 F.2d at 1501 (10th Cir. 1992) (citation omitted). This Court is not, therefore, required to consider any issues raised for the first time in Plaintiff's reply brief. *See Guidry v. Astrue*, Civ. No. 08–1846, 2009 WL 4884282, at *5, n.8 (D. Colo. Dec. 10, 2009) (citing *M. D. Mark, Inc. v. Kerr–McGee Corp.*, 565 F.3d 753, 768 n.7 (10th Cir. 2009) (noting that "the general rule in this circuit is that a party waives issues and arguments raised for the first time in a reply brief"). *Accord Wheeler v. C.I.R.*, 521 F.3d 1289, 1291 (10th Cir. 2008) (issues raised for the first time in a reply brief are generally deemed waived).

Plaintiff first argues that she never served as a "true" inspector supervisor in her Reply. *See id.* at 2-3. This position was only one of three instances of prior employment discussed by the ALJ at step four of his decision. *See* AR 27-29. Yet, while Plaintiff advanced allegations of error concerning the other two previous positions, she neglected to propound any challenge to the ALJ's finding that she could return to third position of inspector supervisor. *See* Pl.'s Mot. 10-14. Moreover, since the time of that omission, Plaintiff has provided neither case support nor evidence of any exceptional circumstance to move this Court to deviate from the Tenth Circuit's general rule of waiver. As a consequence, the undersigned **RECOMMENDS** that the presiding

judge deem this argument waived. Should the presiding judge adopt this position, the undersigned further **RECOMMENDS** that Plaintiff's Motion be denied, as in the absence of this argument, Plaintiff has conceded her ability to return to at least one prior form of past relevant work, thereby mandating a finding of nondisability under the regulations. *See* 20 C.F.R. § 1560(b)(3).

### D. Even When Considered, Plaintiff's Argument Fails

Even if this Court were to disregard the Tenth Circuit's general rule on waiver, Plaintiff's argument that she never "truly" worked as an inspection supervisor would be unavailing. Plaintiff directs this Court to the DOT, where the duties of inspector supervisor are described as follows:

> Supervises and coordinates activities of workers engaged in inspecting materials, tools, workpieces, and products, such as metal stock, cutting tools, gauges, machine parts, and assembled units for conformance to specifications, products, inspection instruments, and procedures. May compute relative production and repair costs to determine salvageability of rejected products. Performs other duties as described under SUPERVISOR (any industry) Master Title.

DOT § 609.131-010, 1991 WL 684890 (Jan. 1, 2016). Plaintiff contends that this job description "consists solely of supervisory tasks and does not include duties related to performing the work that is being supervised." Pl.'s Reply 2. Thus, because she also inspected materials throughout the manufacturing process and lifted up to 100 pounds routinely, Plaintiff argues that "her role did not meet the level of a true supervisor." *Id.* at 3.

Unfortunately for Plaintiff, her desire to elude the title of inspector supervisor at the reply stage cannot be reconciled with her testimony before the ALJ. When asked directly by the ALJ what her job was at Bigelow Components, Plaintiff explained, "I *supervised* around six people and I also inspected all the material that came in the door and through the whole process and then everything that was finished material that went out." AR 42 (emphasis added). She further

11

explained that as part of her supervisory duties, "there [were] different departments so I had to make sure all the departments were running correctly." AR 42. If her employees "saw a problem," she related that "they would bring it to me and I would tell them if it was okay or if they should stop the machines." AR 42. During Plaintiff's testimony, the ALJ noted that Plaintiff was not involved in scheduling, payroll, or hiring and firing of employees, and attempted to steer Plaintiff into agreeing she was more of a "crew leader." AR 43. This exchange followed:

> Q: Okay. So you were more like a crew leader, is that what you would say?
>
> A: Yeah, a crew, but they really, really depended on me, you know, I could - -
>
> Q: Okay.
>
> A: - - stop the machines just by pressing a button and, you know, I didn't have to go run to anyone else.

AR 43.

Clearly, Bigelow Components invested a higher degree of responsibility in Plaintiff than it did in its line inspectors. In keeping with the DOT description of inspector supervisor, Plaintiff supervised and coordinated the activities of workers engaged in inspecting materials for conformance to specifications. *See* DOT § 609.131-010, 1991 WL 684890; AR 42-44. She also ensured that multiple departments were running correctly. AR 42. When an issue arose, Plaintiff possessed authority superior to that of the line inspectors to stop the machines without additional approval from those higher up the chain of command. AR 42-43.

Plaintiff's performance of duties beyond those cited in the DOT definition does not disqualify her past relevant work as an inspection supervisor. In fact, the regulations contemplate this situation, and call for the ALJ to consider evidence of a claimant's past relevant

work "as the claimant actually performed it or as generally performed in the national economy." 20 C.F.R. § 1560(b)(2). Social Security Ruling ("SSR") 82-61[6] further clarifies that an ALJ may find a claimant capable of performing her past relevant work if her residual functional capacity is coextensive with the demands of the job either as generally performed in the national economy or as the plaintiff actually performed it. *See* SSR 82-61, 1982 WL 31387, at *2 (1982).

Here, the ALJ found that Plaintiff "could return to past relevant work as an inspector supervisor as generally performed in the national economy." AR 29. In doing so, the ALJ obviated the need to scrutinize the additional duties performed by Plaintiff as an inspection supervisor in the 1990s. It suffices that Plaintiff met the DOT definition of inspection supervisor, and that she could return to the position of inspection supervisor as that position is generally performed in the national economy. *See Andrade v. Sec'y of Health and Human Servs.*, 985 F.2d 1045, 1052 (10th Cir. 1993) (overruling a challenge to SSR 82-61, and also finding that a claimant operating as a general contractor, who also performed manual labor beyond that of a general contractor, was still "primarily a general contractor, even though his particular job involved some actual labor").

In sum, Plaintiff has offered neither sufficient facts nor any case support for the proposition that her additional lifting and hands-on inspections somehow converted her obvious inspector supervisor position into something outside the DOT description. To the contrary, the ALJ's finding that Plaintiff performed past relevant work as an inspector supervisor was both

---

[6] The Ruling provides:

> A former job performed by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."

SSR 82-61, 1982 WL 31387, at *2 (1982)

supported by substantial evidence and free of legal error. *See id.* Therefore, even if the presiding judge were to consider this argument not to have been waived, the undersigned **RECOMMENDS** denying the claim, as Plaintiff's ability to return to her past relevant work as an inspection supervisor mandates a finding of nondisability. *See* SSR 82-61, 1982 WL 31387, at *2.

## VI. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion to Reverse or Remand [ECF No. 18] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's final decision be AFFIRMED.

**IT IS SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**