**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DEBRA LYNN MEHAFFEY,

    Plaintiff,

v.                                                                           Civ. No. 16-78 MV/GJF

NANCY A. BERRYHILL, *Acting
Commissioner of the Social Security
Administration*,

    Defendant.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on U.S. Magistrate Judge Gregory Fouratt's Proposed Findings and Recommended Disposition ("PFRD") [ECF No. 26] and Plaintiff's Objections [ECF No. 27]. In the PFRD, Judge Fouratt made findings and recommendations on two issues:

(1) May Plaintiff argue, for the first time in her reply brief, that her time as an inspection supervisor does not qualify as past relevant work?

(2) If Plaintiff may advance this argument, does her argument undercut the ALJ's finding that she could return to work as an inspection supervisor as that position is *generally* performed in the national economy?

*See* PFRD 9-10.

Judge Fouratt recommended that this Court answer both of the above in the negative. Plaintiff objects. Nevertheless, Plaintiff's Objections fail to convince this Court that the magistrate judge's recommendations are erroneous. At the outset, Plaintiff has yet to demonstrate why this Court should abandon the general rule of waiver. Even if this Court could be convinced

to ignore the rule, it finds no error in Judge Fouratt's findings or recommendation regarding Plaintiff's past relevant work. For the following reasons, and having conducted a *de novo* review, the Court hereby overrules Plaintiff's Objections and adopts the PFRD.

I.  **STANDARD OF REVIEW**

When a party files timely written objections to a magistrate judge's recommendation, the district court generally will conduct a *de novo* review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C); *see also* FED. R. CIV. P. 72(b)(3). However, to preserve an issue for review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996) *("One Parcel")*.

Where a party files timely and specific objections to a magistrate judge's proposed findings and recommendation, "on [] dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." *United States v. Raddatz*, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a *de novo* determination pursuant to § 636(b) "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court has noted that, although a district court must make a *de novo* determination of the objected to recommendations under § 636(b)(1), the district court is not precluded from relying on the magistrate judge's proposed findings and recommendations. *See Raddatz*, 447 U.S. at 676 ("[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a

magistrate's proposed findings and recommendations.") (quoting 28 U.S.C. § 636(b)(1)); *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.*, 8 F.3d 722, 724-25 (10th Cir. 1993) (holding that as part of a *de novo* determination, "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate . . . .'") (quoting 28 U.S.C. § 636(b)(1); *Raddatz*, 447 U.S. at 676) (emphasis omitted).

## II.   PROCEDURAL HISTORY

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income on August 6, 2012. Pl.'s "Motion to Reverse and Remand for a Rehearing with Supporting Memorandum" ("Motion") 3, ECF No. 18. Plaintiff claimed disability beginning on February 1, 2006, based on emphysema, esophageal spasms, osteoporosis, and high blood pressure. AR 228. The Social Security Administration ("SSA") denied Plaintiff's application initially on March 19, 2013, and upon reconsideration on September 13, 2013. AR 75, 76. At her request, Plaintiff received a de novo hearing before Administrative Law Judge ("ALJ") Eric Weiss on May 13, 2015. AR 37-74. On June 5, 2015, the ALJ issued his decision, finding that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). AR 18-29. The Social Security Administration's ("SSA's") Appeals Council declined review on December 4, 2015. AR 1-3. Consequently, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 422.210(a) (2016). Plaintiff timely filed her appeal to the U.S. District Court on February 3, 2016. ECF No. 1.

On April 25, 2017, Magistrate Judge Fouratt issued his PFRD, recommending that this Court deny Plaintiff's Motion on two grounds: first, because Plaintiff waived the only contested issue in this case by failing to raise it until her reply brief [PFRD 10-11, ECF No. 26], and secondly, because "Plaintiff's ability to return to her past relevant work as an inspection

3

supervisor mandates a finding of nondisability." *Id.* at 11-14.  Plaintiff timely filed her Objections on May 9, 2017, requesting "that the recommended findings be rejected and/or modified, in whole or in part . . . and that this case be remanded for further proceedings." Pl.'s Objs. 6, ECF No. 27.  First, Plaintiff argues that the general waiver rule is not absolute, and that "departure from the general rule will not offend the policies that underlie the rule: fairness and judicial economy." *Id.* at 3.  She also challenges Judge Fouratt's recommendation on the merits, arguing that Plaintiff's work as an inspection supervisor was actually a composite job, and therefore, "the ALJ could not have relied on the DOT[1] to determine that [Plaintiff] could perform past work as 'ordinarily required by employers throughout the national economy.'" *Id.* at 5 (citing SSR 82-61, 1982 WL 31387, at *2 (Jan. 1, 1982)).  In fact, she contends that "as a matter of law, none of the past relevant job tests apply in [Plaintiff's] case." *Id.*

## III.   APPLICABLE LAW

### A.  Standard of Review

When the Appeals Council denies a claimant's request for review, the ALJ's decision becomes the final decision of the agency.[2]  The Court's review of that final agency decision is both factual and legal.  *See Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)) ("The standard of review in a social security appeal is whether the correct legal standards were applied and whether the decision is supported by substantial evidence.")

The factual findings at the administrative level are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g) (2012).  "Substantial evidence is such relevant evidence as a

---

[1] DOT is the acronym for the Dictionary of Occupational Titles, produced by the U.S. Department of Labor.
[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, not the Appeals Council's denial of review.  20 C.F.R. § 404.981 (2015); *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

4

reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. Substantial evidence does not, however, require a preponderance of the evidence. *U.S. Cellular Tel. of Greater Tulsa, L.L.C. v. City of Broken Arrow, Okla.*, 340 F.3d 1122, 1133 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.

As for the review of the ALJ's legal decisions, the Court reviews "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The Court may reverse and remand if the ALJ failed "to apply the correct legal standards, or to show . . . that she has done so." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).

Ultimately, if substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214, *Doyal*, 331 F.3d at 760.

### B.  Sequential Evaluation Process

The SSA has devised a five-step sequential evaluation process to determine disability. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2015). At the first three steps, the ALJ considers the claimant's current work activity, the medical severity of the claimant's impairments, and the requirements of the Listing of Impairments. *See*

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), & Pt. 404, Subpt. P, App'x 1. If a claimant's impairments are not equal to one or more of those in the Listing of Impairments, then the ALJ proceeds to the first of three phases of step four and determines the claimant's residual functional capacity ("RFC"). *See Winfrey*, 92 F.3d at 1023; 20 C.F.R. §§ 404.1520(e), 416.920(e). In phase two, the ALJ determines the physical and mental demands of the claimant's past relevant work, and in the third phase, compares the claimant's RFC with the functional requirements of his past relevant work to determine if the claimant is still capable of performing his past work. *See Winfrey*, 92 F.3d at 1023; 20 C.F.R. §§ 404.1520(f), 416.920(f). If a claimant is not prevented from performing his past work, then he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). The claimant bears the burden of proof on the question of disability for the first four steps, and then the burden of proof shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Talbot v. Heckler*, 814 F.2d 1456, 1460 (10th Cir. 1987). If the claimant cannot return to his past work, then the Commissioner bears the burden, at the fifth step, of showing that the claimant is capable of performing other jobs existing in significant numbers in the national economy. *See Thomas*, 540 U.S. at 24-25; *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step sequential evaluation process in detail).

**IV.    THE ALJ'S DECISION**

The ALJ issued his decision on June 5, 2015. Administrative R. ("AR") 29. At step one, he found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of February 1, 2006. AR 20. Because Plaintiff had not engaged in substantial gainful activity for at least twelve months, the ALJ proceeded to step two. AR 20-23. There, he found that Plaintiff suffered from the following severe impairments: (1) chronic obstructive pulmonary disease ("COPD"); (2) moderate degenerative disc disease at L4-L5 with moderate lumbar facet

arthropathy; and (3) mild degenerative osteoarthrosis of the hips. AR 20. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled the severity of a Listing. AR 23-24. Thus, he turned to step four, where he began by crafting Plaintiff's RFC. "[A]fter careful consideration of the entire record," the ALJ found that Plaintiff possessed the residual functional capacity to perform light work with the following restrictions:

> [Plaintiff] is able to lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently; is able to stand or walk up to six hours in an eight-hour workday with normal breaks; and is able to sit for up to six hours in an eight-hour workday with normal breaks. [Plaintiff] can never climb ladders, ropes, and scaffolds. [Plaintiff] can occasionally climb ramps and stairs and crawl. [Plaintiff] can frequently balance, stoop, kneel, and crouch. [Plaintiff] must avoid more than occasional[ ] exposure to extreme cold, heat, and wetness as well as unprotected heights. [Plaintiff] must avoid all exposure to irritants such as fumes, odors, dust, and gases.

AR 24.

In the second phase of step four, the ALJ identified three instances of past relevant work[3] in Plaintiff's employment history, including inspector (DOT #619.381-010), customer service clerk (DOT #279.357-054), and inspector supervisor (DOT # 609.131-010). AR 27-28. As to the position of inspector supervisor, he stated:

> The record additionally reflects [Plaintiff] worked as inspection supervisor from 1992 to 1995 and 1998 to 2000. Her earnings records indicated that she worked at or above substantial gainful activity during this time. The vocational expert testified and defined the job of inspector supervisor, as a light, skilled job with a specific vocational profile of 8, meaning it takes anywhere from four to ten years to learn. However, the vocational expert testified that [Plaintiff] performed the job of inspector supervisor at the heavy exertional level. I find that [Plaintiff] worked at substantial gainful activity and worked as an inspector supervisor for a sufficient amount of time to learn the skills to return to this job. Therefore, I find that [Plaintiff's] past work as an inspector supervisor qualifies as past relevant work.

---

[3] "Past relevant work" is a term of art defined by regulation as "work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1) (2016).

7

AR 28.

At the third and final phase of step four, the ALJ compared Plaintiff's RFC with the functional requirements of her past relevant work to determine if she was still capable of performing that work.  *See* AR 28-29.  The ALJ relied on the VE's testimony "that a hypothetical person with the same vocational profile and limitations as [Plaintiff] could return to past relevant work as an inspector supervisor as generally performed in the national economy."  AR 29.  That testimony led the ALJ to find that "[i]n comparing [Plaintiff's] residual functional capacity with the physical and mental demands of an inspector supervisor I find [Plaintiff] is able to perform this work as generally performed."  AR 29.

Because the ALJ found that Plaintiff was not prevented from performing her past work, he determined that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period.  AR 29.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).  *See also* 20 C.F.R. § 1560(b)(3) ("If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled.").  Accordingly, he denied Plaintiff's claim.  AR 29.

**V.  PLAINTIFF'S WAIVER OBJECTION IS OVERRULED**

In his PFRD, Judge Fouratt correctly narrowed the live issues for this Court's review.  *See* PFRD 9-10.  Moreover, he properly noted that the sole controversy persisting between the parties derives from Plaintiff's reply brief, thereby rendering the issue incompetent for review under the general rule of waiver.  *See id.* at 10-11.

In her Objections, Plaintiff offers no justification for failing to raise the issue of past relevant work prior to her reply.  To the contrary, she states only that "[i]nadvertently, an argument as to whether [Plaintiff] has past relevant work as an '[i]nspection [s]upervisor"

pursuant to SSR 82-61 was only made in the reply." Pl.'s Objs. 1-2.[4]  Plaintiff maintains that addressing the "pure legal issue" of whether she can return to past relevant work will not offend the policies of "fairness and judicial economy" that underlie the rule of waiver. *Id.* at 3.  Further, she takes the odd position that the "PFRD includes a rebuttal" of Plaintiff's argument, thereby satisfying "the preservation rule." *Id.*

This case provides an exemplar of both why the rule of waiver exists and why it must be applied.  In Plaintiff's Motion, Plaintiff's counsel omitted an indispensable component of Plaintiff's argument.  By doing so, Plaintiff's counsel implicitly conceded that Plaintiff could return to past relevant work as an inspection supervisor, thereby mandating a finding of nondisability and guaranteeing the failure of Plaintiff's suit.  Yet, faced with this quandary, Plaintiff's counsel declined to seek an agreed remedy with opposing counsel, just as he elected not to move this Court for a form of relief that would have allowed both Plaintiff and Defendant to fully brief a new argument before this Court's review.  Instead, through Plaintiff's reply and at a point in litigation where opposing counsel is precluded from further argument without leave of court, *see* D.N.M.LR-Civ. 7.4(b), Plaintiff's counsel advanced the *new* argument that Plaintiff had no past relevant work as an inspection supervisor.[5]

---

[4] This assertion is also misleading.  SSR 82-61 is mentioned *nowhere* in Plaintiff's Reply.  Plaintiff's entire argument (initiated only in her reply brief) centered on her past relevant work as an inspection supervisor not comporting with the DOT description for the position.  *See infra,* note 5.  Now in her Objections, she seeks to make for the first time an *additional* argument under SSR 82-61 that Plaintiff's past relevant work constituted a "composite job."  This too is improper.  *See United States v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). The failure of this attempt will be discussed *infra* in section VI.

[5] The relevant section of Plaintiff's Reply is titled "[Plaintiff] Did Not Have Past Work as an Inspector Supervisor." Pl.'s Reply 2, ECF No. 24.  She argued that Plaintiff's duties as an inspection supervisor, as described by Plaintiff during her testimony, were not consistent with the job of inspection supervisor provided by the vocational expert. *See id.* at 3.

9

In the Tenth Circuit, "arguments raised for the first time in a reply brief are generally deemed waived." *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) (citation omitted). In *Stump v. Gates*, the court explained the basis for this "rule of waiver":

> This court does not ordinarily review issues raised for the first time in a reply brief. The reasons are obvious. It robs the appellee of the opportunity to demonstrate that the record does not support an appellant's factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result. The rule also protects this court from publishing an erroneous opinion because we did not have the benefit of the appellee's response.

*Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). In social security cases, "the district court acts as a first-tier appellate court." *Hamilton*, 961 F.2d at 1501 (10th Cir. 1992) (citation omitted). Therefore, when reviewing social security cases on appeal, this Court applies the general rule of waiver for the same reasons articulated in *Stump*.

Here, the rationale of *Stump* convinces this Court to enforce the rule of waiver. Obviously, Plaintiff's counsel is asking this Court to rule on a new argument without the benefit of opposing counsel's response. *See Stump*, 211 F.3d at 533. Nevertheless, Plaintiff's counsel appears unaware of *his* responsibility to cure this litigation failure, arguing as recently as Plaintiff's Objections that the rule of waiver should be discarded since "Defendant never argued 'waiver' nor asked the Court for surreply." Pl.'s Objs. 3. And, while Judge Fouratt presented a clear and well-supported recommendation on Plaintiff's new argument, that recommendation might well have been enhanced by the benefit of the Commissioner's analysis "of the pertinent legal precedent that may compel a contrary result." *Stump*, 211 F.3d at 533. After all, the Commissioner and her legal counsel are devoted full-time to the field of social security law, unlike the district courts.

In addition, this Court shares the Tenth Circuit's interest in the accurate and reliable adjudication of disputes. *See id.* To allow Plaintiff to propound new arguments in a reply brief

10

without the benefit of a full debate between the parties clearly would imperil that interest and should be permitted only in exceptional circumstances and upon proper justification. This record presents neither. The "inadverten[ce]" referenced by Plaintiff's counsel hardly satisfies, and the citations counsel proffers are inapposite, in that both stand for the proposition that the Tenth Circuit will "not consider an issue raised for the first time on appeal." *See Tele-Commc'ns, Inc. v. C.I.R.*, 12 F.3d 1005, 1007 (10th Cir. 1993); *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992) ("As a general rule we refuse to consider arguments raised for the first time on appeal unless sovereign immunity or jurisdiction is in question."). Neither these cases, nor Plaintiff's argument, nor the continuing conduct of Plaintiff's counsel helps persuade this Court to abandon the rule of waiver. To the contrary, the rule exists to be exercised, in the sound discretion of the district courts, upon occasions such as this. The Court deems Plaintiff's argument that she had no past relevant work as an inspection supervisor to have been waived.

## VI.   THE COURT FINDS NO ERROR IN THE MAGISTRATE JUDGE'S SUBSTANTIVE FINDINGS

As mentioned above, Plaintiff has done little to assist this Court in exercising its discretion in her favor. That trend has persisted through Plaintiff's Objections, where rather than responding directly to Judge Fouratt's recommendations, Plaintiff has chosen to *again* advance a new, substantive argument at an impermissible stage in the litigation. Specifically, Plaintiff attacks Judge Fouratt's recommendation to affirm the ALJ's finding that Plaintiff could return to her past relevant work as an inspection supervisor, but not for reasons discussed in either the substantive litigation or the magistrate judge's PFRD. *See* Pl.'s Objs. 2-5. Rather, Plaintiff advances the altogether new notion that "[t]he VE clearly identified [Plaintiff's] work for Bigelow Components as a **composite job** because it had 'significant elements of two or more occupations[ ]" described in the DOT." *Id.* at 5 (emphasis in original). Plaintiff also offers two

regulatory citations which she claims support her position.  Unfortunately for Plaintiff, these citations, and this argument *writ large*, merit little of this Court's attention, as they constitute an impermissible attempt to introduce a new argument during the objection stage.

Under Tenth Circuit precedent, it is axiomatic that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). *See United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). *See also ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (same); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (same); *Pevehouse v. Scibana*, 229 F. App'x 795, 796 (10th Cir. 2007) (unpublished) (finding the "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate").  In a recent social security case, the Tenth Circuit had occasion to apply the objection-stage rule of waiver.  The court explained that even where a new case had been decided after the filing of the plaintiff's brief, "the authorities it relied on were available when [the plaintiff] filed his brief." *Collins v. Colvin*, 640 F. App'x 698, 700 (10th Cir. 2016) (unpublished) (citations omitted).  Consequently, rather than allowing the plaintiff to propound a new argument with this new authority through his objections, the Tenth Circuit held that the plaintiff "could have raised the argument in his opening brief, and we consider it waived." *Id.*

Pursuant to Tenth Circuit precedent, this Court deems Plaintiff's objection to the PFRD waived to the extent it argues that Plaintiff's past relevant work as an inspection supervisor represented a composite job.  Additionally, the Court hereby overrules Plaintiff's general objection to Judge Fouratt's finding that Plaintiff had past relevant work as an inspection

supervisor.  The Court has conducted a *de novo* review of the record and Judge Fouratt's PFRD, and even if it were not to consider the entire challenge waived because it was raised for the first time only in Plaintiff's Reply, it nonetheless finds no error in Judge Fouratt's analysis concerning Plaintiff's past relevant work as an inspection supervisor, or how he interpreted her position in light of the DOT.  Accordingly, the Court will overrule Plaintiff's objections and adopt the magistrate judge's PFRD.

## VII.    CONCLUSION

Following its *de novo* review of both the PFRD and the record, the Court finds no error in Judge Fouratt's findings or recommendations.

**IT IS THEREFORE ORDERED** that the Commissioner's Objections to the PFRD [ECF No. 27] are **OVERRULED**, and U.S. Magistrate Judge Gregory Fouratt's PFRD [ECF No. 26] is **ADOPTED** *in toto*.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reverse or Remand [ECF No. 18] is **HEREBY DENIED**, and the Commissioner's final decision is **HEREBY AFFIRMED**.

**IT IS SO ORDERED.**

_____
**THE HONORABLE MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**